UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRUSTEES OF THE CHICAGO PAINTERS )
AND DECORATORS PENSION, HEALTH )
AND WELFARE, DEFERRED SAVINGS, )
APPRENTICESHIP, SCHOLARSHIP, )
AND JOINT COOPERATION TRUST FUNDS, )
)
      Plaintiffs, )
)
v. ) No. 05 C 6144
)
KRM DRYWALL AND PAINTING, INC., ) Judge John W. Darrah
an Illinois corporation, )
)
      Defendant. )

## MEMORANDUM OPINION AND ORDER

The Plaintiffs – Trustees of the Chicago Painters and Decorators Pension, Health and Welfare, Deferred Savings, Apprenticeship, Scholarship, and Joint Cooperation Trust Funds – sued the Defendant – KRM Drywall and Painting, Inc. ("KRM") – in a four-count Complaint, which alleges that KRM violated the collective-bargaining agreement by failing to contribute to the pension and welfare funds in accordance with the agreement. KRM filed a Counterclaim, alleging that KRM made mistakes in contributions, entitling it to reimbursement for all contributions it overpaid. Currently before the Court is Plaintiffs' Motion to Dismiss the Counterclaim.

## LEGAL STANDARD

In reviewing a motion to dismiss, the court reviews all facts alleged in the Counterclaim and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A party is

not required to plead the facts or elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal is warranted only if "it appears beyond a doubt that the [Counter-Plaintiff] can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

Generally, matters outside the pleadings cannot be considered on a motion to dismiss. *See, e.g., Corman Derailment Serv., LLC v. Int'l Union of Operating Eng'rs Local Union 150*, 335 F.3d 643, 647 (7th Cir. 2003). However, documents attached to a complaint are considered part of the complaint and may be considered for all purposes. *See e.g., Tierney v. Vahle*, 310 F.3d 734, 738 (7th Cir. 2002). Judicial notice may also be taken of matters of public record. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

## BACKGROUND

Defendant KRM, an Illinois corporation in the painting and decorating business, executed an agreement with the Painters District Counsel No. 14 on May 3, 1995, as part of a multi-employer benefit plan. (Counterclaim ¶¶ 6-7). Plaintiffs were appointed to administer the welfare and pension funds to which signatories of the collective-bargaining agreement (like KRM) are obligated to pay on behalf of their employees. (Counterclaim ¶¶ 5, 7).

Pursuant to the collective-bargaining agreement, KRM submitted monthly reports to the Plaintiffs, identifying the names of its employees, the hours each employee worked, and their wages. (Counterclaim ¶ 8). Those reports were delivered to Plaintiffs with contributions KRM made on behalf of the employees, based upon the hours and wages listed on the reports. (Counterclaim ¶ 8).

The Counterclaim alleges that KRM mistakenly paid the monthly contributions for four of its employees during the months of October 2004 and November 2004 and that it potentially made other mistakes in contributions. (Counterclaim ¶ 9). KRM seeks reimbursement for contributions it overpaid. (Counterclaim ¶ 10).

## ANALYSIS

Plaintiffs seek to dismiss KRM's Counterclaim on two bases. Plaintiff are incorrect on both accounts.

First, Plaintiffs assert that because KRM is a participant in a multi-employer benefit plan, the remedy of reimbursement is not available and, thus, that KRM's Counterclaim should be dismissed for failure to state a claim. Quoting *Construction Industries Retirement Fund v. Kasper Trucking*, 10 F.3d 465, 468 (7th Cir. 1993), Plaintiffs assert that multi-employers are not entitled to restitution. The portion of the opinion cited by Plaintiffs reads:

> Just as a person who buys term life insurance may not obtain a 'refund' if he survives the term, so a person who pays for health insurance cannot get his money back if he remains healthy. The welfare fund pooled the money to provide benefits for all persons on whose behalf contributions were made. Because the drivers received health coverage for which they paid through deductions Kasper sent to the fund, no one is entitled to restitution.

*Kasper Trucking*, 10 F.3d at 468. From this quote, Plaintiffs attempt to draw the conclusion that

employers who contribute to pooled benefit funds are, as a matter of law, not entitled to reimbursement. This is incorrect. In fact, the court in *Kasper Trucking* specifically acknowledged this cause of action. The court wrote: "[W]e held in *UIU Severance Pay Trust Fund v. Steelworkers Local No. 18-U*, 998 F.2d 509 (7th Cir. 1992), that ERISA lets courts establish a federal common law governing restitution of mistaken payments." *Kasper Trucking,* 10 F.3d at 468. However, the *Kasper Trucking* court noted that "because the cause of action we are authorizing is equitable in nature, recovery will not follow automatically upon a showing that the employer contributed more than it was required but only if 'the equities favor it.'" *Kasper Trucking,* 10 F.3d at 468 (internal citations omitted). The court then went on to hold that the employer in *Kasper Trucking* was not entitled to restitution. From the finding that the *Kasper Trucking* employer was not entitled to restitution, Plaintiffs incorrectly attempt to extrapolate a broader prohibition against reimbursement. KRM's suit seeking reimbursement will not be dismissed for failure to state a claim upon which relief can be granted.

Second, Plaintiffs assert that KRM's jurisdictional pleadings do not entitle it to jurisdiction in this Court. In the Counterclaim, KRM asserts the Court's jurisdiction arises under the supplemental jurisdiction *via* 29 U.S.C. § 1367 (a). Supplemental reimbursement claims are preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1144. Thus, according to Plaintiffs, KRM's Counterclaim must be dismissed. As Plaintiffs concede, KRM's restitution claim is a federal common-law claim; and, as such, KRM's restitution claim arises under the Court's original jurisdiction. *UIU Severance Pay Trust Fund v. Local Union No. 18-U,* 998 F.2d 509, 513 (7th Cir. 1993).

"It is also well settled that Fed.R.Civ.P. 8(a)(1) does not require a plaintiff to set forth the statutory basis for the district court's subject-matter jurisdiction in order for the court to assume jurisdiction, so long as he alleges facts sufficient to bring the case within the court's jurisdiction." *Caldwell v. Miller*, 790 F.2d 589, 595 (7th Cir. 1986); *see also Jensen v. State Bd. of Tax Comm'rs of State of Ind.*, 763 F.2d 272, 278 (7th Cir. 1985). "Imperfections in pleading style will not divest a federal court of jurisdiction where the complaint as a whole reveals a proper basis for jurisdiction." *Loss v. Blankenship*, 673 F.2d 942, 950 (7th Cir.1982). Here, because the Court has a proper basis for jurisdiction in that the restitution claim is a federal common-law claim, KRM's Counterclaim will not be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Dismiss the Counterclaim is denied.

Dated: June 1, 2006

JOHN W. DARRAH
United States District Court Judge

5